CHARLES LAMBERT *et al.*, RESPONDENTS, *v.* SAMUEL McFARLAND *et als.*, APPELLANTS.

WRITTEN FINDINGS BY JURY TO BE PROPERLY ASKED FOR. If a party desires a written finding by a jury upon particular questions of fact, he should before the jury retires request the court to instruct them to bring in a written finding upon such questions; and, if not so asked, it is no error, after the jury has brought in a general verdict, to refuse to send them back to find specific answers to special interrogatories.

RIGHT TO SPECIAL FINDINGS BY JURY. Where special findings are asked for in due time the court should, if they are properly framed, always submit them to the jury.

REQUISITES OF AFFIDAVIT TO TAKE DEPOSITIONS. The affidavit required to be made to authorize the taking of the deposition of a witness within the state, has to show that the case is one of those mentioned in the statute, Practice Act, Sec. 407; but need not show that the summons has been served.

APPEAL from the District Court of the Third Judicial District, Washoe County.

This action was commenced by Charles Lambert, H. J. Mason and M. L. Yager, against Samuel McFarland, W. W. Savery, John Rothenbuchen, A. Cornwall and J. Roth, partners under the firm name of W. W. Savery & Co., to recover $823.41 and interest. on a promissory note, dated June 1st, 1868, signed " W. W. Savery & Co., per Savery," and $72.36 for goods sold and delivered in the same month. Defendant McFarland filed a separate answer, setting up that defendants were partners only in working and developing a mine in Lincoln County, and not otherwise; that the note was made by Savery alone and not by the partnership; that Savery had no authority to execute a note for such partnership; and that as to goods sold and delivered, he had no knowledge sufficient to form a belief, and therefore denied such sale or delivery. Defendants Rothenbuchen, Cornwall and Roth also filed an answer, substantially to the same effect as to the note, but without special reference to the goods alleged to have been sold and delivered.

On the trial of the cause, the judge in his charge to the jury instructed them to determine from the evidence the facts, and from

them to find a general verdict; and that their first duty was to determine from the evidence, among other facts, whether or not the defendants were a copartnership; whether or not they composed a strictly mining partnership; whether or not they composed a general copartnership; whether or not defendants held themselves out to plaintiffs and so dealt with them in the course of business transactions as to induce a credit in their favor as a general copartnership on the part of plaintiffs; whether or not the maker of the note had authority from defendants to execute it and make it binding on them as a firm; and whether or not the account was proven and properly chargeable against defendants as a firm.

The jury returned a written verdict that they found a general verdict for plaintiffs, which they signed, and after their signatures the writing continued as follows:  " We find on special interrogatories as follows, to wit:   1st, The precise time when the general partnership commenced is rather difficult to determine ; the evidence is not altogether clear, but it is evident to the minds of the jury that such a copartnership was created or raised by the operation of the làw some time between the month of April, 1867, and before the close of January, 1868, and the precise time could be fixed if it could be determined when they first held themselves out in the ordinary course of business as copartners, and obtained credit as such; and we further find that on the twenty-fourth day of January, 1868, the partnership consisted of five persons, to wit:   W. W. Savery, Samuel McFarland, A. Cornwall, J. Rothenbuchen and J. Roth.   2d. We find that the defendants prosecuted the work under the lease as a mining and smelting company, and for the purpose of making money rather than developing the mine.   3d. We find the handwriting of the promissory note to · be that of W. W. Savery.   4th. We find that defendants never authorized specially any one to sign any obligation; but under the operation of law, all or any one were empowered to do so."

Before the reading and recording of the verdict, counsel for defendants moved the court to instruct the jury to retire and find answers to the interrogatories submitted, which motion was denied

Lambert *v.* McFarland.

and defendants excepted.   Defendants then moved for judgment on the special verdict, which was denied and exception taken.

It appears from the record in the case, that just previous to the giving of the charge the defendants asked the court to submit to the jury certain interrogatories, with instructions to find special answers to each, which motion was granted; but there is nothing in the record to show what such interrogatories were, or whether they differed from the questions propounded by the judge; nor is there anything to show that written answers were asked for.

In the course of the trial, the plaintiff offered the depositions of W. W. Savery and M. L. Yager.  Defendants objected to them, on the ground that the affidavit upon which they were taken was insufficient in not affirmatively showing that the summons had been served, or that defendants had appeared in the action.   The objection was overruled and defendants excepted.   It appeared that the affidavit was made by A. J. Mason, and set forth that he was one of the plaintiffs; that plaintiffs were desirous of having the testimony of the witnesses, Savery and Yager, on the trial, who were not residents of Washoe County, but were residents of White Pine County, and that plaintiffs would take their depositions.

*Mitchell & Stone*, for Appellants.

I. A mining copartnership only, is alleged in the answer to have existed.   A member of such partnership cannot, unless specially authorized, bind the company, or its individual members, by a promissory note or contract of indebtedness executed in the name of the company; and it is incumbent on the party claiming to hold the company for such indebtedness, to show the authority under which it was contracted.   *Skillman* v. *Lachman*, 23 Cal. 198; 30 Cal. 300; 28 Cal. 569.

II. There was error in admitting the depositions of Savery and Yager.   Depositions can only be taken, under our statute, where summons has been served or defendant has appeared.  The affidavit upon which the deposition is taken should affirmatively show that it is a case within the statute.   (Stats. 1869, 258, Sec. 407.)

III. There was error in refusing to require the jury to return

and answer the interrogatories submitted to them.    (Stats. 1869, 223, Sec. 176) ;  *Breeze* v. *Doyle,* 19 Cal. 101 ;  *Knickerbocker & Nevada S. M. Co.* v. *Hall,* 3 Cal. 194.

*Ellis & King,* for Respondents.

I.  We think all the requisites of the statute in respect to the taking of depositions within the state were shown to have been complied with in the depositions of Savery and Yager, and they were properly admitted.    The record shows that the summons had been properly served.

II.  The central question of the case, as to whether defendants were solely and strictly a mining copartnership, or whether they were a trading or commercial one, being a mixed question of law and fact, was properly submitted to the jury ; and the evidence being at least conflicting, as against the position of defendants, this court will not disturb the verdict.    *Rice.* v. *Cunningham,* 29 Cal. 492 ;  *Carlyon* v. *Lannan,* 4 Nev. 156 ;  *Reed* v. *Reed,* 4 Nev. 395.

By the Court, GARBER, J. :

There was no error in refusing to send the jury back with directions to find more specific answers to special interrogatories.    If the appellants desired a written finding upon particular questions of fact, they should have requested the court to instruct the jury to bring in a written finding upon such questions, and such instruction should be asked for before the jury retired.    The record does not show that the court, of its own motion, so instructed.    The instruction was to find a general verdict, and the particular questions of fact were alluded to as necessary to be first determined, in order to arrive at the proper general verdict.    Where special findings are asked for in due time, the court should, if they are properly framed, always submit them to the jury.    In this way, the expense and delay of a second trial may often be avoided, and by this practice the law is much more effectually separated from the fact, than by giving hypothetical instructions.

The depositions were properly admitted.    It is not necessary to state in the affidavit that service of summons has been had.    This

fact can be as well, or better, known by an inspection of the record; and a fair construction of the language of the statute shows that it was not intended to require it to be set forth in the affidavit. Four cases are mentioned in which testimony may be taken by deposition. Even in those cases, it is true, the deposition cannot be taken prior to service of summons, etc. But the statute only requires the affidavit to show that the case is one of those mentioned—not that the action has progressed to that stage in which a deposition may be taken in the cases mentioned.

The other assignments depend upon the alleged insufficiency of the evidence. We cannot consider them, in the absence of any showing that all the testimony is before us. The judgment and order appealed from are affirmed.